1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LORRI HARMON,                        No. 2:12-cv-2996-LKK-CMK

12                  Plaintiff,

13          vs.                          <u>FINDING S AND RECOMMENDATIONS</u>

14   FEDERAL HOME LOAN MORTGAGE
     CORPORATION,
15
                 Defendants.
16   _____/

17          Plaintiff, proceeding pro se, brings this civil action.  Pending before the court is

18   plaintiff's complaint (Doc. 1) and two motions for injunctive relief (Docs. 5, 7).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

23   provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

1

1  must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because

2  plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court

3  will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also

4  consider as a threshold matter whether it has subject-matter jurisdiction.

5  ## I. PLAINTIFF'S COMPLAINT

6           Plaintiff brings this action to quiet title, for breach of contract, and injunctive

7  relief based on defendant's alleged violation of the Helping Families Save Their Homes Act of

8  2009, Pub. L. No. 111-22, §§ 701-704, 123 Stat. 1632 (2009) ("Act").  Plaintiff alleges that she

9  had a valid rental agreement and option to purchase the home she resides in, dating back to 2008.

10 The home and property at issue are located in the City of Magalia, County of Butte.  Plaintiff

11 states she received a notice of foreclosure sale of the property in 2009.  She further alleges that

12 she made proper payments to the former owners of the property pursuant to the terms of the

13 lease, which were to be applied to the Sales Contract.  After receiving the Notice of Default,

14 plaintiff states she attempted to contact the mortgage holder, Wells Fargo Home Mortgage, who

15 would not communicate with her until after the Trustee sale.  After the Trustee sale, plaintiff

16 states she provided a copy of the lease agreement to Wells Fargo.  A few days thereafter, she

17 states she received posted notice that defendant was now the owner of the property and informed

18 her that if she was a bona fide tenant she was to provide a copy of her lease agreement pursuant

19 to the Helping Family Save Their Homes Act of 2009.  She then alleges the defendant violated

20 Title VII of the Act by filing an unlawful detainer action against her in 2009.  She also alleges the

21 unlawful detainer action was dismissed with prejudice in the State court.

22          In addition, plaintiff claims the defendant has failed to properly maintain the

23 property as directed by the Comptroller of the Currency Administrator of National Banks.  She

24 further claims that she has attempted to exercise her purchase option, but did not receive a

25 response.  In 2012, plaintiff states she was served with another unlawful detainer action.  It is this

26 second unlawful detainer action plaintiff is seeking injunctive relief from this court to stop.

2

1  Plaintiff states her first attempt to stop those proceedings was by removing the unlawful detainer

2  action to the court, in case number 2:12-cv-1637-GEB-CMK.  That action was remanded to the

3  State court for lack of jurisdiction.  Plaintiff filed this action thereafter.

4

5                                          **II.  DISCUSSION**

6              In order for this case to proceed, this court must have subject-matter jurisdiction.

7  Federal courts are courts of limited jurisdiction.  This court only has jurisdiction to adjudicate

8  those cases which involve either diversity of citizenship (citizens of different states) or a federal

9  question (such as a constitutional claim).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511

10  U.S. 375, 380-81 (1994); 28 U.S.C. § 1330 et seq.  The burden of establishing federal

11  jurisdiction lies on the party asserting such jurisdiction.  See Kokkonen, 511 U.S. at 377; see also

12  Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2004).

13              Here, plaintiff claims she is proceeding on a federal question pursuant to 28

14  U.S.C. § 1330, claiming a violation of the Act and citing to 28 U.S.C. § 1402(d) to quite title on

15  the property.  General federal question jurisdiction under 28 U.S.C. § 1331 exists only "when the

16  plaintiff sues under a federal statute that creates a right of action in federal court."  Williams v.

17  United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007).  "[A] complaint alleging a violation

18  of a federal statute as an element of a state cause of action, when Congress has determine that

19  there should be no private, federal cause of action for the violation, does not state a claim 'arising

20  under the Constitution, laws, or treaties of the United States.'"  Merrell Dow Pharms. Inc. v.

21  Thompson, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).  In order for a violation of a

22  federal statute to give rise to a private cause of action, the statute must create such a right, either

23  explicitly or implicitly.  See Diaz v. Davis (In re Diqimarc Corp. Deriviative Litiq.), 549 F.2d

24  1223, 1229-30 (9th Cir. 2008).

25  / / /

26  / / /

1    28 U.S.C. § 1402 is inapplicable here, and cannot provide jurisdiction for this

2  case.  Section 1402 is only applicable where the United States is a party to the action.  Here, the

3  United States is not a party, so § 1402 is not applicable.

4    Second, plaintiff is claiming the defendant has violated the Act by filing an

5  unlawful detainer action against her in State court.  The applicable section of the Act is § 702,

6  which provides, in part:

7  (a) IN GENERAL. - - In the case of any foreclosure on a federally-related
   mortgage loan or on any dwelling or residential real property after the date
8  of enactment of this title, any immediate successor in interest in such
   property pursuant to the foreclosure shall assume such interest subject to -
9  (1) the provision, by such successor in interest of a notice to vacate
   to any bona fide tenant at least 90 days before the effective date of
10  such notice; and
   (2) the rights of any bona fide tenant, as of the date of such notice
11  of foreclosure - -
   (A) under any bona fide lease entered into before the notice
12  of foreclosure to occupy the premises until the end of the
   remaining term of the lease, except that a successor in
13  interest may terminate a lease effective on the date of sale
   of the unit to a purchaser who will occupy the unit as a
14  primary residence, subject to the receipt by the tenant of the
   90 day notice under paragraph (1); or
15  (B) without a lease or with a lease terminable at will under
   state law, subject to the receipt by the tenant of the 90 day
16  notice under subsection (10,
   except that noting under this section shall affect the requirements
17  of termination of any federal- or State-subsidized tenancy or of any
   State or local law that provides longer time periods or other
18  additional protections for tenants.

19

20    Other courts have addressed the issue of whether § 702 of the Act creates a private

21  right of action proving federal court jurisdiction.  Those cases have found no such right is

22  created, nor was intended to be created.  In Logan v. U.S. Bank Nat. Ass'n, 2010 WL 1444878

23  (C.D. Cal. 2010), the first court to address the issue, determined there was no private right of

24  action either explicitly or implied in the Act.  See id. at *10.  Thus, the court concluded that it

25  / / /

26  / / /

4

lacked subject matter jurisdiction to hear the plaintiff's damages claims.[1]  Similar findings have

been made in the Northern District and Eastern District of California.  See e.g., Lopez v. DAPC

LLC, 2012 WL 2237227 (N.D. Cal. 2012), Gullatt v. Aurora Loan Services, LLC, 2010 WL

4070379 (E.D. Cal. 2010).  The undersigned agrees with the reasoning set forth in those cases,

that § 702 provides neither an explicit nor implicit private right of action.

As there is no private right of action for violations of § 702, this court lacks

subject matter jurisdiction to hear plaintiff's claims based on those violations.

## III.  MOTION FOR INJUNCTION

Plaintiff has filed two motions for injunction (Docs. 5, 7).  In both of her motions,

she realleges the facts as stated in her complaint, including that she entered into a lease

agreement with the prior owners of the house, kept her payments current, she has tried to exercise

her option to buy, and the defendant foreclosed on the property.  In addition, she realleges that

she was served with a second Unlawful Detainer action in 2012, even though the defendant had

not communicated with her or responded to her inquiries.  Plaintiff does not specify what relief

she is requesting in her motion, but does state she is looking to "avoid the Defendants' wrongful

eviction proceedings ...."  In addition, in her prayer for relief in her complaint, plaintiff requests

an injunction "enjoining Defendants . . . [f]rom conducting or continuing, any further

proceedings in the Unlawful Detainer action . . . ."  (Compl., Doc. 1, at 20-21).

As mentioned, other courts have addressed this issue in cases similar to the

present one.  The Central District analyzed a request for injunctive relief in Logan, and

determined that the court must abstain from exercising jurisdiction over such a case that seeks to

enjoin an unlawful detainer action under Younger v. Harris, 401 U.S. 37, 40-41 (1971).  See

---

[1]    The court also addressed the plaintiff's claim for injunctive relief, and found the Younger doctrine applicable, requiring the court abstain from exercising jurisdiction as it would interfere with state judicial proceedings, namely the unlawful detainer action.  See Younger v. Harris, 401 U.S. 37, 40-41 (1971).  The same analysis is applicable here, as discussed infra.

1  Logan v. U.S. Bank Nat. Ass'n, 2010 WL 1444878, at *2 (C.D. Cal. 2010).  As the court

2  discussed, federal courts must abstain from exercising jurisdiction under Younger where four

3  requirements are met, namely an ongoing state-initiated proceeding, which implicates important

4  state interests, in which the plaintiff is not barred from litigating the federal issue, and the federal

5  court action would interfere with the state proceeding.  See San Jose Silicon Valley Chamber of

6  Commerce Political Action Comm v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

7        Here, the unlawful detainer action plaintiff seeks to avoid was filed in February

8  2012.  While plaintiff does not specifically state whether the unlawful detainer action is still

9  ongoing, the fact that she is asking to avoid a wrongful eviction and any further proceedings in

10  that action lead to the conclusion that the state action is still proceeding.  Other courts have

11  determined that an unlawful detainer action involves sufficient state interest to warrant Younger

12  abstention, and the undersigned agrees with that reasoning.  See e.g., Hicks v. Superior Court of

13  California, County of Kern, 2008 WL 638544, *5 (E.D. Cal. 2008).  The undersigned does not

14  see any reason plaintiff could not have raised these issues in the State court proceedings.  Finally,

15  granting plaintiff the relief sought, to avoid a wrongful eviction and stop any further proceedings,

16  would have at least the practical effect of interfering with the State court's ability to adjudicate

17  the underlying unlawful detainer action.  Thus, all four Younger requirements are satisfied.

18        Because the Younger requirements are satisfied, the court to required to dismiss

19  plaintiff's claims for injunctive relief.  Thus, her motions for a temporary restraining order must

20  also be denied.

21

22                    **IV.  CONCLUSION**

23        Because there is no private right of action provided for in the Act, and Younger

24  prohibits the court from granting injunctive relief, this court lacks jurisdiction over this entire

25  action.

26  / / /

1   It does not appear possible that the deficiencies identified herein can be cured by

2   amending the complaint, so plaintiff is not entitled to leave to amend prior to dismissal of the

3   entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4   Based on the foregoing, the undersigned recommends that this action be dismissed

5   for lack of jurisdiction, and the motions for injunctive relief be denied.

6   These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8   after being served with these findings and recommendations, any party may file written

9   objections with the court.  Responses to objections shall be filed within 14 days after service of

10  objections.  Failure to file objections within the specified time may waive the right to appeal.

11  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  DATED:  May 9, 2013

14

15                                           CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26